UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

### I.    Introduction

Before the Court is a motion to remand, filed by Plaintiff Yolanda Macias Rosales ("Rosales") on August 15, 2025. Motion to Remand ("Mot."), ECF No. 12. For the following reasons, Plaintiff's motion is GRANTED.

### II.    Background

According to the Complaint, Rosales allegedly purchased a 2018 Chevrolet Malibu, VIN 1G1ZD5ST3JF126005 (the "Subject Vehicle"), on or around March 24, 2019. Complaint ("Compl."), ECF No. 1-1 ¶¶ 6, 9. The Subject Vehicle allegedly came with express written warranties, whereby Defendant General Motors LLC ("GM") agreed to maintain utility of the vehicle or provide compensation for defects within the applicable warranty period. Id. ¶ 11. The Subject Vehicle allegedly *did* then manifest defects covered by the warranty during the warranty period, including defects in the vehicle's engine. Id. ¶ 12. Plaintiff allegedly delivered the Subject Vehicle to Defendant for repair, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiffs. Id. ¶¶ 13-15.

As a result, on March 14, 2025, Plaintiff filed suit in Superior Court of California, County of Los Angeles, alleging violations of the Song-Beverly Act, Cal. Civ. Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), 1791.1, and 1794; and a violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C §§ 2301-2312. Compl. ¶¶ 8-44. Plaintiff sought "actual damages," "restitution," "civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages,"

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

"remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, "costs and expenses," "reasonable attorneys' fees," "prejudgment interest," and "equitable or legal relief." Compl. ¶¶ 17, 24, 28, 44(a)-(h).

Defendant GM removed this case to federal court on July 27, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 1. Plaintiff responded on August 15, 2025, with the instant motion to remand. Mot. Defendant filed an opposition on September 8, 2025, and Plaintiff replied on September 15, 2025. ECF Nos. 18, 19.

### III.     Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)–(a)(1). Moreover, the MMWA provides an independent basis for federal jurisdiction unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B); *See also Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000").

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears

|  | : |  |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

### IV.  Discussion

Defendant GM removed this case based on diversity jurisdiction. Diversity jurisdiction requires two elements: (1) complete diversity of citizenship between the parties; and (2) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)-(a)(1). However, Plaintiff has also brought a claim under the federal MMWA. Federal question jurisdiction will be proper in this Court over the MMWA claim if Plaintiff can establish that the amount in controversy is at least $50,000. The Court will then be able to exercise supplemental jurisdiction over the remaining claims under the California Song-Beverly Act, which arise out of the same common nucleus of operative fact—the breach of warranty of the allegedly defective Subject Vehicle. *See* 28 U.S.C. § 1367. Moreover, it is undisputed that Plaintiff is a citizen of California, while Defendant is a citizen of Michigan and Delaware—so complete diversity exists. Rem. at 3-4; Compl. ¶¶ 2, 4. Therefore, for all intents and purposes, Defendant's removal would be substantively proper if Defendant can establish an amount in controversy of $50,000. Here, Defendant is not able to meet that burden.

#### A.  Amount in Controversy

Defendant contends that the amount in controversy is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. The Court addresses all three below. It may be noted that "since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, 'courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067–68 (C.D. Cal. 2023) (internal citations omitted). The Court may therefore conduct a unified analysis, because the calculation of damages sought under the underlying, Song-Beverly claim, pursuant to California state law, may be similarly applied to establish the amount in controversy for the MMWA claim.

##### i.  Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code §

|  |  | : |
|---|---|---|
|  | Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

1793.2(d)(2)(B)-(C). This reduction, often called the "milage offset" is based on miles driven before the first attempted repair of the defect. The formula to calculate the mileage offset is as follows:

$$\frac{\text{\# of Miles Drive Between Purchase \& First Repair Attempt}}{120{,}000 \text{ Miles}} = \text{Use Offset Multiplier}$$

$$\begin{array}{c} \text{Purchase Price} \\ \text{x } \underline{\text{Use Offset Multiplier}} = \\ \text{Use Offset Deduction} \end{array} \rightarrow \begin{array}{c} \text{Purchase Price} \\ \text{- } \underline{\text{Use Offset Deduction}} = \\ \text{Restitution} \end{array}$$

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021) (citing *Wickstrum v. FCA USA LLC*, 2021 WL 532257, at *1-2 n.2 (S.D. Cal.). When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset. *See D'Amico v. Ford Motor Co.,* 2020 WL 2614610, at *2-3 (C.D. Cal.) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).

Actual damages available in Song-Beverly cases should be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the Court has reviewed the Retail Installment Sale Contract ("RISC") for the Subject Vehicle, which was provided to the Court *in camera* by Plaintiff. *See* ECF No. 22. The RISC reveals that the Subject Vehicle was purchased according to a financing agreement, whereby Plaintiff paid an initial down payment of $5,00 and was thereafter required to pay an additional $419.55, monthly, for 72 months, beginning May 8, 2019—until Plaintiff had paid a total of $35,207.60. As this Court addressed in a prior order in *Armando Escamilla Bastida v. Ford Motor Company et al.*, 5:25-cv-00751-SVW (June 6, 2025) (the "Bastida Order"), there is some ambiguity as to restitution plausibly sought in this type of case when the amount "payable" differs from the amount "paid." As in *Armando*, the Court finds that the proper estimate of restitution in this circumstance—where the Subject Vehicle's sales price has been only partially paid by Plaintiff, but the total number of payments made have not been disclosed by either

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

party—should be calculated by adding the value of Plaintiff's down payment to the sum of every monthly payment made before the filing of the instant lawsuit. *See also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that limiting a Song-Beverly plaintiff's recovery to payments actually made is consistent with the logic and purpose of the Act, consistent with the general principal of restitution, and consistent with comparable laws of other states). Accordingly, the Court calculates Plaintiff's actual, restitutionary damages to be $34,788.05,[1] before offsets are applied.

Furthermore, the Court has reviewed the Repair Orders for the Subject Vehicle—documents that were also provided to the Court *in camera* by Plaintiff. *See* ECF No. 22. These orders reveal that the first relevant repair attempt occurred when the Subject Vehicle's mileage was measured at 46,422. The RISC, in turn, reveals that at the time of Plaintiff's purchase, the Subject Vehicle's odometer read 42,012. The Repair Order therefore shows that the vehicle was driven 4,410 miles before the first relevant repair attempt. Applying the appropriate formula, the Court calculates the proper mileage deduction to be $1,278.56.[2] Applying the deduction, the Court finds the adjusted restitutionary damages to be $33,509.59. The RISC also reveals: (1) an optional third-party service contract for $850 with 'Century Automotive Services,' a qualifying deduction, and (2) a 'Debt-Cancellation Agreement,' which the Court finds to also be a qualifying deduction. *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 893 (S.D. Cal. 2021) (A debt cancellation agreement is not a "manufacturer-installed item," and thus, the Court suspects it may be improper to include this amount in the amount in controversy).[3] Applying both deductions, the Court finds the total restitutionary damages to be $30,159.59. There is no evidence to indicate that any additional offsets or considerations should apply.

      ii.      <u>Civil Penalties</u>

Damages under the Song-Beverly Act also may include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code §§ 1794(c), 1794(e). However, these civil penalties are available only when either: (1) the defendant's violation was willful, or (2) the violation related to a new vehicle, as per Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e). Here, the Subject

---

[1] This total is the sum of $5,000 (the original downpayment) and $29,788.05 (the product of the $419.55 monthly payment and the 71 total payment dates between May 8, 2019, and the filing of the instant lawsuit on March 14, 2025).

[2] The total is the product of the use offset multiplier, which is .03675 (the quotient of the 4,410 miles driven before the first relevant repair and the 120,000 base anticipated by the statute) and the actual restitutionary damages before the offset, previously calculated to be $34,788.05.

[3] It should be noted that the inclusion or exclusion of this deduction is not determinative of jurisdiction in this case.

                                                                                                                                        :

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

Vehicle was purchased 'used,' so the analysis of whether civil penalties may be included in determining the amount in controversy turns on whether Plaintiff has sufficiently alleged that Defendant's violation was willful.

In these cases, when a plaintiff's allegations of willful infringement are conclusory, district courts are split on whether civil penalties may be considered when determining the amount in controversy. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy").

To be sure, some courts have found civil damages to be properly included, even upon conclusory allegations. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy")*; see also Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *see also Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

However, other courts—likening civil penalties to comparable punitive damages—have been reluctant to include them in the amount in controversy calculation without additional evidence. *See Ronquillo v. BMW of N. Am., LLC, No.*, 2020 WL 6741317, at *3-4 (S.D. Cal.) (holding that defendant had failed to establish that the amount in controversy should include a civil penalty when the complaint's request for a civil penalty was conclusory and defendant did not point to specific allegations justifying the appropriateness of civil penalties or analogizing to cases where such penalties were awarded); *see also Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *3 (C.D. Cal.) (finding "the defendant must make some effort to justify the assumption [that civil damages be included in the amount in controversy] by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty" and citing *Zawaideh v. BMW of North America*, 2018 WL 1805103, at *2 (S.D. Cal.)); *see also Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal.) (finding defendant had not met its burden to establish maximum available civil penalties should be added to the amount in controversy where the complaint alleged the violation was willful because defendant, with knowledge of its inability to repair the vehicle, failed to provide redress to plaintiff, and opining, "[i]f such boilerplate

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

allegations were sufficient to defeat remand, then virtually any Song-Beverley action involving a new vehicle purchase would remain in federal court").

As was already clarified in the Bastida Order, this Court finds the latter approach more persuasive. Defendant bears the burden of establishing removal jurisdiction by a preponderance of the evidence. *Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564 (C.D. Cal.) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)). Gesturing to a bare request by Plaintiff for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible—falls short of that standard. Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist *against* removal jurisdiction.

Here, Rosales's request for civil penalties is supported by only a conclusory allegation of willfulness. Compl. ¶ 17 ("Defendant's failure to comply with its obligations under Civil Code section 1793.2(d) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiff is entitled to a civil penalty of up to two times Plaintiff's actual damages, pursuant to Civil Code section 1794(c)"); *see also* Compl. ¶¶ 24, 28 (functionally alleging same). Defendant has provided no additional evidence to the Court to establish that any definite amount of civil penalties would be appropriate in this case. Therefore, the Court does not consider Song-Beverly Act civil penalties when calculating the amount in controversy.

### iii. Attorneys' Fees

Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Under the Song-Beverly Act, in particular, "if the buyer establishes a violation under Cal. Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Accordingly, attorneys' fees may be included in the calculation of the amount-in-controversy under Song-Beverly claims. Likewise, MMWA claims brought alongside Song-Beverly claims benefit from the same inclusion when calculating amount in controversy. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022); *see also Lazorosas*, 2025 WL 40483, at *2 ("The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy [under the MMWA]."); *see also Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 WL 9529451, at *6 (N.D. Cal. Oct. 14, 2022) (including attorney's fees in MMWA amount-in-controversy calculation based on underlying Song-Beverly Act

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06861-SVW-E | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Yolanda Macias Rosales v. General Motors, LLC* | | |

# JS-6

claims).

Here, there is no compelling evidence submitted by either party to support a definite calculation of reasonable attorneys' fees at the time of removal. In its Notice of Removal, Defendant merely suggested that $5,000 was a reasonable calculation. Rem. at 6. Considering that the actual damages in controversy total $30,159.59, attorneys' fees would need to exceed $19,840.40 to satisfy the amount in controversy under the MMWA, and they would need to exceed $44,840.41 to satisfy the amount in controversy for diversity jurisdiction over the Song-Beverly claims. The Court therefore needs not reach a finding as to whether Defendant's proposed estimation of $5,000 is reasonable because $5,000 in fees would be insufficient to convey jurisdiction. Moreover, the Court finds that there is no evidence to indicate that $19,840.40 would constitute reasonable attorneys' fees. Therefore, the Court finds that the amount in controversy falls below $50,000; the Court lacks jurisdiction over either the MMWA or the Song-Beverly claims.

V. **Conclusion**

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer   DTA